STATE *vs.* HENRY W. HOWARD.

Sagadahoc.    Opinion March 1, 1898.

*Intox. Liquors.   Evidence.   Examined Copy.   Internal Rev.   R. S. of U. S.*
*§§ 3232, 3233, 3244.*

Upon the trial of a defendant who has been indicted for the illegal keeping and sale of intoxicating liquors, an examined copy of that part of the record of special tax payers, residing in this state which relates to the defendant and his business, may be properly admitted in evidence.

A copy of the entire list of such tax payers is inadmissible, because immaterial, if not prejudicial to the respondent.

When a copy of the "record of special tax payers" in question is examined in the light of the provisions of the statutes of the United States, the figures and abbreviations entered in the several columns become readily intelligible to the jury. It distinctly informs them that a person bearing the respondent's name and carrying on the same business in the same city and street paid a special tax of twenty dollars, the precise amount required of a retail dealer in malt liquors, receiving therefor a stamp with a serial number; and indicates the business on account of which this tax was paid by the letters R. D. M. L.,— obviously the initial letters of the words Retail Dealer Malt Liquors.

*Held;* that such evidence is admissible under appropriate instructions respecting its application to the defendant in such a case as this; and if the state fails to introduce the regulations of the revenue department or instructions from the collector's .office, which might have removed all possible ground for questioning the meaning of any entries in the record, its probative force still remains a question of fact for the jury.

*State* v. *Lynde*, 77 Maine, 561, affirmed.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*Grant Rogers*, County Attorney, for State.

*Geo. E. Hughes*, for defendant.

The state simply offered this paper, without any explanation as to what it was, without any testimony to show to what part of the internal revenue department it referred, for the purpose of proving an indictment charging this respondent with keeping a liquor

nuisance. Without further evidence it was clearly inadmissible to show the payment of a tax that would render this respondent liable under an indictment for keeping a liquor nuisance.

SITTING: EMERY, FOSTER, HASKELL, WHITEHOUSE, SAVAGE, JJ.

WHITEHOUSE, J. This was an indictment against the respondent for maintaining a common nuisance by using a certain tenement, occupied by him, for the illegal keeping and illegal sale of intoxicating liquors.

In support of this indictment the state introduced against the respondent's objection an examined copy of the "record of special tax-payers" kept in the office of the collector of U. S. Internal Revenue at Portsmouth, N. H., for the purpose of showing that the respondent had paid the special tax of twenty dollars imposed by the statutes of the United States upon "retail dealers in malt liquors."

The jury returned a verdict of guilty and the case comes to this court on exceptions to the admission of this evidence.

In *State* v. *Gorham*, 65 Maine, 270, and *State* v. *Wiggin*, 72 Maine, 425, it was settled that the original record kept in the office of the collector of internal revenue, or a copy of the same duly certified by the collector or deputy collector, was admissible in evidence to show the payment of the special taxes assessed upon retail dealers in liquors. In *State* v. *Lynde*, 77 Maine, 561, the admissibility of an examined copy of such record, verified by the sworn testimony in court of the unofficial person who made the examination and the copy, was fully considered in the light of both principle and authority; and for the conclusive reasons there stated, this mode of proving a record, by an examined copy sworn to by any competent witness, was definitely approved and formally adopted in our practice.

But if the grounds of the objection here presented are correctly apprehended, they are in substance, first, that the examined copy in this instance was not a full copy of the entire list of "special

taxpayers" residing in this state; and secondly, that it was so fragmentary and abbreviated in form as to be incapable of conveying any definite information to the jury.

With respect to the first objection, it is manifest that the defendant would have had good reason for objecting to the introduction of records relating to the business of a hundred others whose names might have been known to the jury. Such evidence would be clearly inadmissible because immaterial, if not prejudicial to the cause of the respondent. It is obvious that the accused can only be affected by that portion of the entire book of records which relates to himself and his business. The common practice of proving the record of a marriage, birth or death, by a certified copy of so much of the entire record in the city or town, as relates to the individual in question, is an apt illustration of the rule.

In regard to the second objection, the examined copy introduced contains the printed caption found in the book of records of the internal revenue collector at Portsmouth, viz:— "Record of Special Tax-payers and Registers, Me., District of N. H." and discloses in different columns among other things the name, "Howard, H. W. doing business as Bath Bottling Co.;" "business R. D. M. L.;" place Bath, Front St.; "amount of tax $20; serial number of stamp 5775."

It is provided by sections 3232 and 3244 of the Revised Statutes of the United States that every person engaged in or carrying on the business of retail dealer in malt liquors shall pay a special tax of twenty dollars; and section 3233 declares that "every person engaged in any trade or business on which a special tax is imposed by law shall register with the collector or district his name or style, place of residence, trade or business and the place where such trade or business is to be carried on." It is further provided that the payment of this special tax shall be evidenced by an engraved stamp duly numbered.

In the absence of any exceptions to the charge, it is to be presumed that the jury were appropriately instructed in regard to these requirements of the U. S. Revenue laws; and when the copy of the "record of special tax-payers" in question was examined

in the light of these provisions the words, figures and abbreviations entered in the several columns could not fail to become readily intelligible to the jury. It distinctly informed them that a person bearing the respondent's name, and carrying on the same business in the same city and street, paid a special tax of twenty dollars, the precise amount required of a retail dealer in malt liquors, receiving therefor a stamp with the serial number of 5775; and indicates the business on account of which this tax was paid by the letters R. D. M. L.,— obviously the initial letters of the words Retail Dealer Malt Liquors.

In any event, in view of these coincidences tending to identify the defendant and his occupation with the person and business described in the record, the evidence was admissible under appropriate instruction respecting its application to the defendant; and if the government failed to introduce regulations of the revenue department or instructions from the collector's office, which might have removed all possible ground for questioning the meaning of any entries in the record, its probative force still remained a question of fact for the jury.

*Exceptions overruled.*