THE STATE OF KANSAS V. GEORGE SHOOK.

No. 15,363   (90 Pac. 234.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Review of Rulings upon Evidence —Record Incomplete—Presumption.* Where upon appeal to this court the only error assigned is the admission of a paper without sufficient preliminary proof, and the bill of exceptions contains no testimony other than the paper to the admission of which objection is made and a statement that such paper was a *part* of the testimony presented by the state, *held,* that in the absence of all the evidence upon this subject it will be assumed that preliminary proof such as the law requires was made, and that the paper was properly admitted in evidence.

Appeal from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed May 11, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, *F. D. Parent,* county attorney, and *C. C. Towner,* for The State.

*C. S. Crawford,* for appellant.

The opinion of the court was delivered by

GRAVES, J.: The appellant was convicted in the district court of Dickinson county of being the keeper of a nuisance in violation of the provisions of the prohibitory law. Being dissatisfied with the conviction he has brought the case here for review. In his bill of exceptions he complains of the trial court for admitting incompetent evidence at the trial, and this is the only question presented.

The testimony claimed to have been erroneously submitted to the jury consists of a copy of entries from a record in the office of the collector of internal revenue for the district of Kansas, designated as record No. 10. This record contains the names of special-tax payers and registers within the district; also the kind of busi-

ness for which tax is paid, its location, date of certificate, amount of tax, when paid, and the number of the stamp.

The paper to which objection was made contains several names of persons, with certificates, among whom is that of the defendant. Opposite each name in appropriately designated columns the items above mentioned are stated. The nature of the record is indicated by a headline which reads: "Record of special-tax payers and registers, district of Kansas." Attached to the paper is a certificate which reads:

"This is a correct copy of the above names as they appear on record No. 10 in the office of the collector of internal revenue for the district of Kansas. J. M. Simpson, Coll., per C. L. Danner, Depy. Coll. Sept. 4, 1906. Leavenworth, Kan. Seal."

It is urged that this copy was erroneously admitted in evidence for the reason that it does not appear to be a record which the law requires to be kept in that office, and that the certificate does not show it to be a correct copy of anything more than the mere names of special-tax payers.

It seems to have been made obligatory upon the collectors of internal revenue to keep such a record in their offices by the provisions of section 4 of chapter 13 of the act of December 24, 1872, which reads:

"Each collector of internal revenue shall, under regulations of the commissioner of internal revenue, place and keep conspicuously in his office, for public inspection, an alphabetical list of the names of all persons who shall have paid special taxes within his district, and shall state thereon the time, place, and business for which such special taxes have been paid." (U. S. Comp. Stat. 1901, § 3240.)

The paper was probably admissible, therefore, without any preliminary proof; but if any such proof was necessary we are compelled to assume that it was fully made, as the record contains no evidence other than the

The State v. Shook.

paper in question, which is accompanied by the statement that it was only a part of the testimony presented by the state.

We are unable, therefore, in any view of the case, to say that the action of the trial court was erroneous, and its judgment is affirmed.