## THE CITY OF TOPEKA v. LUCY STEVENSON.
No. 16,117.   (99 Pac. 589.)

### SYLLABUS BY THE COURT.

EVIDENCE—*Judicial Notice*—"*R. M. L. D.*"  Courts will take judicial notice that the initials "R. M. L. D.," when used in the records of the internal revenue office to designate the business for which a permit has been issued, mean "retail malt liquor dealer."

Error from Shawnee district court; ALSTON W. DANA, judge.  Opinion filed January 12, 1909.  Affirmed.

*F. G. Drenning,* city attorney, and *W. C. Ralston,* assistant city attorney, for appellee.

*J. S. Ensminger,* for appellant.

The opinion of the court was delivered by

PORTER, J.:  The appellant was convicted of maintaining a nuisance under the prohibitory liquor law. The principal claim of error is that the learned judge of the district court carried the doctrine of judicial notice beyond its utmost limits in charging the jury that the letters "R. M. L. D.," used in the records of the collector of internal revenue to designate the business

carried on by the appellant, have been used in connection with the revenue business of the United States government to such an extent that their meaning has become a part of our common knowledge, and that they signify "retail malt liquor dealer." Notwithstanding this court has frequently taken judicial notice of the meaning of the letters "R. L. D.," when used for the same purpose (*The State v. Shook*, 75 Kan. 807, 90 Pac. 234), it is argued with great force that the time has not arrived when we can assume knowledge of the meaning of the additional "M.," when used in this connection.

By way of argument counsel says in his brief that he inquired of a large number of persons present in the court-room at the time of the trial and hardly any of them knew what these letters meant. Doubtless he could have found as many persons who had no knowledge of the meaning of the letters "f. o. b." It is not necessary for courts to wait, before taking judicial notice of a thing, until everybody knows and understands it. The meaning of a term has become a part of our common knowledge when it is generally understood by persons familiar with the subject. The initials "R. M. L. D.," when used in a retail liquor dealer's permit, mean "retail malt liquor dealer," and, in our opinion, are sufficiently well known to authorize courts to take judicial notice thereof.

Thousands of these permits have been issued in Kansas in recent years and posted up in more or less conspicuous places. They are issued by the revenue department of the general government. As every one knows, the kinds of business for which permits are required are quite limited in number, and by a simple process of exclusion it is not difficult for any one who inquires or thinks about the matter to know that the "M.," when used in this connection, signifies "malt."

The record fails to disclose any errors which can be regarded as sufficient to warrant a reversal. The judgment is affirmed.