## T. C. HARGROVE v. STATE.

No. A-1513. Opinion Filed January 13, 1913.

(129 Pac. 74.)

1. **INTOXICATING LIQUORS—Admission of Evidence.** A certified copy of the record of the United States internal revenue collector for the district of Oklahoma, showing the payment of a special revenue tax for pursuing the business of retail liquor dealer in Oklahoma, is admissible in evidence against a defendant, charged with the sale of such liquors. The effect of the introduction of such evidence simply shifts the burden of proof and requires the defendant to introduce such testimony as will raise a reasonable doubt of his guilt.

2. **SAME—Sufficiency of Evidence.** For circumstantial evidence sustaining a conviction against a defendant charged with the illegal sale of intoxicating liquors, see opinion.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

T. C. Hargrove was convicted of selling intoxicating liquors, and his punishment assessed at confinement in the county jail for 90 days and a fine of $300, and he appeals. Affirmed.

*Jennings & Levy,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. First. The state introduced in evidence a certified copy of the record of the United States internal revenue collector for the district of Oklahoma, showing that the defendant had taken out an internal revenue license to pursue the business of retail liquor dealer in Oklahoma City covering the time of the commission of the offense charged. To the introduction of this evidence counsel for appellant excepted. The admissibility of this testimony is not an open question in Oklahoma. See *Billingsley v. State,* 4 Okla. Cr. 597, 113 Pac. 241. Our statute makes the payment of this internal revenue tax *prima facie* evidence of the defendant's guilt. This does not in any manner

deprive a defendant of any substantial right or interfere with the jury in the consideration of the evidence. It simply fixes the burden of proof in such cases. The court therefore did not err in admitting this testimony.

Second. · Counsel contends that the verdict is contrary to the evidence. With this we cannot agree. It is true that the testimony against appellant is all purely circumstantial, but we think that the circumstances are incapable of reasonable explanation consistent with the innocence of appellant.

George Wood testified for the state that he knew the place of business of defendant on Second street in the city of Oklahoma; that he had been there a number of times; that he was there on the 16th day of May, 1911, and saw the defendant there; that Jack Willingham was with witness; that witness and Willingham walked into the place of business of appellant, and Willingham asked if they had anything to drink; that the defendant objected to witness, and said he did not know him; that he wanted to be positive; defendant said he knew Willingham; that witness and Willingham finally went back into the rear of the building; that Willingham bought a bottle of beer back there; that witness paid for it; witness does not know the name of the person from whom the beer was purchased.

Jack Willingham testified that he had known the defendant for three years; that he went into the place of business of the defendant on Second street on the 16th day of May, 1911; that witness bought two bottles of beer there; that witness saw the defendant at this place of business as he came out of the house; that witness had seen the defendant around this place of business before this time; that the beer was not purchased from the defendant.

J. C. Gilmore testified that he was acquainted with the defendant and had known him for three years; that defendant's place of business was 309 West Second street; defendant has his sign on the front window; that witness frequently saw the defendant about his place of business during 1911; that the defendant kept a pool hall and cigar stand at this place of business.

It is utterly immaterial as to who made the sale. The proof is positive that the defendant had possession of and was in charge of the place of business at which the sale was made, and that the defendant had taken out an internal revenue license to sell liquors at this place, and that, when Wood entered the place, appellant objected to his going back where the liquor was bought because he did not know Wood. These circumstances conclusively establish the fact that appellant had a guilty connection with this transaction.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.