## M. A. CAHN v. STATE.

No. A-1760.   Opinion Filed October 25, 1913.

(135 Pac. 1155.)

1.   **INTOXICATING LIQUORS—Violation of Prohibitory Law—Evidence.** (a) The proof of payment of the special tax required by the United States government from retail liquor dealers, together with the proof of possession of intoxicating liquors, is sufficient to sustain a conviction of one charged with having unlawful possession of such liquor, with intent to sell the same.

(b) A certified copy of the receipt issued by the United States Internal Revenue Collector for money paid to him for special revenue tax required of retail liquor dealers is entitled to be admitted in evidence without further identification.

(c) When the county attorney desires to introduce a witness to testify that he has compared a copy of any document with the record, the name of such witness should be indorsed upon the information just as the name of any other witness, as is required by law. The court should not permit such witness to testify unless this is done, in the absence of a proper showing.

(d) When the record discloses the fact that the court has improperly permitted a witness to testify to facts which are conclusively proved by documentary evidence, although it is error, this court will not reverse a judgment when it is clear that no injustice resulted therefrom.

2.   **INDICTMENT—Indorsement of Witnesses' Names.** When, during the progress of a trial, an important witness is discovered for the first time by counsel for the state, and a conclusive showing is made that there has been no dereliction by the county attorney, and no effort upon his part to conceal the testimony of the witness, the court may, in its discretion, allow the name of such witness to be indorsed on the information, and permit him to testify. In such a case counsel for the accused are entitled to a reasonable time, on proper showing, to secure testimony to meet that given by such witness.

*Appeal from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

M. A. Cahn was convicted of violating the prohibitory law, and brings error. Affirmed.

*Jennings & Levy,* for plaintiff in error.

C. J. *Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, M. A. Cahn, was convicted at the January, 1912, term of the county court of Oklahoma county on a charge of 'having the unlawful possession of intoxicating liquor in said county, with intent to sell the same, and his punishment fixed at a fine of $400 and imprisonment in the county jail for a period of 60 days. The appeal is brought by him in an attempt to secure a reversal of this judgment.

The proof on behalf of the state tends to show that a raid was made on a certain place of business at 120 West Grand avenue in Oklahoma City in September, 1911; that a considerable quantity of intoxicating liquors was found in a vault on the premises; that whisky glasses were at hand, and bottles of whisky and beer in a tub of ice; that the plaintiff in error came into the place while the raid was on, accompanied by some fifteen or twenty others; that he spoke to one of the officers about what they were doing, and by what authority they were molesting the place, and was told that they were acting under a search warrant, which they would deliver to the proprietor if demanded; plaintiff in error immediately held a conversation with some person, who one of the witnesses says was an attorney named Davidson; that Davidson immediately walked over to the officers, and asked for the search warrant, saying that he was representing the proprietor as attorney.  A copy of the warrant was delivered to him.  One witness, Sam Kyle, testified that he had been convicted of selling whisky at this same place; that plaintiff in error employed counsel for him, and told him he would be taken care of.  Another witness testified that he rented a portion of the room from the accused.  Other wit-

nesses testified that the accused had attempted to rent the building from the agent of the owner for the purpose of running a bootlegging joint, and was refused a rental contract, because he held a government license, and intended to engage in the unlawful sale of liquor in the house. It was also shown that some person by the name of Butler had rented the house, and that Butler and the accused held conferences daily; that the accused was frequently at the place. In addition, it is shown that the accused had paid the special internal revenue tax to the United States government, which authorized him, so far as the United States is concerned, to sell intoxicating liquor at this place. These material facts are established by the state beyond controversy, and there is practically no credible effort to contradict them on behalf of plaintiff in error. He contradicts no portion thereof himself.

Counsel have filed an elaborate brief, in which they have argued with much earnestness a number of assignments. They first urge that the court erred in permitting James S. Powers to testify, because his name was not indorsed on the back of the information. That the court did err in permitting the witness to testify concerning an investigation of the records of the Internal Revenue Collector, there can be no doubt; but, in the light of all the facts in the record, this judgment should not be reversed on account of that error. A certified copy of the receipt showing payment of the internal revenue tax was introduced in evidence. The testimony of Powers was absolutely unnecessary. If the certified copy of the receipt had not been introduced, this case would have to be reversed, and it is a practice which the court should not permit in the future. The witnesses' names should be on the back of the information if they are to be used, except in rare cases. It is the county attorney's duty to see that that is done, and it is the court's duty to refuse to let them testify, unless the law is complied with. This question has been thoroughly covered by this court in a number of cases. It was not necessary that Powers should go on the stand in order that a certified copy of the receipt showing payment of the special revenue tax could be introduced, and it is

on the ground that this receipt was itself sufficient that this assignment of error is not sustained.

The only other assignment we care to consider is based on the contention that the court erred in permitting the county attorney to indorse on the information the name of witness James Van Tress after the trial had been begun. It is clearly shown that the witness Van Tress was not discovered until the noon recess of the court after the case had been put on trial. The assistant county attorney made a clear showing that he was entitled to have the testimony of this witness. The court did not err in permitting his name to be indorsed, and allowing him to testify. If counsel had asked for a continuance for the purpose of securing evidence to meet that of this witness, it would have been the duty of the court to grant it; but no such request was made. If the record disclosed facts which indicated that the county attorney had acted unfairly, and was purposely holding back information relative to the witness, then a reversal would be warranted; but in our judgment he did not do so, and the action of the court was correct on the facts disclosed. We have gone over this entire record, and, while some irregularities are disclosed, we find nothing which warrants us in interfering with the judgment of the trial court.

It is therefore in all things affirmed.

DOYLE, J., conurs. FURMAN, J., absent and not participating.