## ED CONLEY et al. v. STATE.

No. A-2590. Opinion Filed December 28, 1918.

Rehearing Denied March 14, 1919.

(179 Pac. 480.)

1. **CONSPIRACY—To Sell Intoxicants—Sufficiency of Evidence.** Evidence that the defendants, acting conjointly, every day or so for several months received intoxicating liquors in large quantities, in three days aggregating six casks of beer and 49 cases of whisky, shipped to them in fictitious names, and so receipted for by the defendants, is sufficient evidence to sustain the finding of the jury that the defendants had such beer and whisky with intent to sell the same.

2. **INTOXICATING LIQUORS—Conspiracy—Intent to Sell—Information.** In an information charging a conspiracy with intent to sell intoxicating liquors, it is not necessary to aver in said information the names of person or persons to whom the defendants intended to sell such liquors.

3. **TRIAL — Requested Instruction—General Instruction — Abstract Instruction.** Requested instructions which are covered by general instructions by the court, or that are abstract, are properly refused.

4. **APPEAL AND ERROR—Conviction—Sufficiency of Evidence.** Upon a careful examination of the record in this case, it is found that the defendants did not interpose any evidence or other defense to their and each of their convictions, and they had a fair

and impartial trial, and are guilty as found by the jury beyond all reasonable doubt.

5.  **EVIDENCE—Admission of Declaration of Conspirator—Evidence of Collusion.** Slight evidence of collusion is all the law requires to admit the acts and declarations of a conspirator in evidence against his coconspirator.

6.  **TRIAL—Defendant's Failure to Testify—Instruction.** A requested charge of defendant, who did not testify in the trial, that the jury should not consider his failure to testify as a circumstance against him, was properly refused.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

Ed Conley and Charles Clift were each convicted of unlawfully conspiring to commit the crime of unlawfully selling intoxicating liquors, their motion for new trial was overruled, and they appeal. Affirmed.

*G. H. Giddings* and *J. T. Dortch,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiffs in error, Ed Conley and Charlie Clift, hereinafter styled defendants, were informed against for the offense of unlawfully, willfully, and corruptly combining, confederating, conspiring, and agreeing together and with each other to commit a crime, that of willfully and unlawfully selling spirituous and malt liquors, and each convicted, and each of said defendants sentenced to imprisonment in the county jail of Oklahoma county, Okla., for a period of one year, and each to pay a fine of $500.   Defendants' motion for a new trial being overruled, they bring error to this court.

The amended information upon which the defendants were tried is very voluminous, covering 34 pages of the

record, and we deem it unnecessary to copy more than the charging part of said information, which is as follows:

"That said defendants did then and there, in said county and state, and within the jurisdiction of this court, unlawfully, willfully, and corruptly combine, confederate, conspire, and agree together and with each other and divers other persons to informant unknown, hereinafter referred to as other conspirators, to commit in said county and state a crime, that is, willfully and unlawfully to sell, barter, give away, and otherwise furnish spirituous, vinous, fermented, and malt liquors, and imitations thereof and substitutes therefor, capable of being used as a beverage and as and for use as a beverage, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

"And thereafter, to wit, on the 3d day of March, A. D. 1915, at Oklahoma City, in said county and state, the said Ed Conley, Charlie Clift, and said other conspirators, then and there being, did then and there, in pursuance of said agreement and conspiracy, and to effect the object thereof, willfully and unlawfully take and receive from Wells Fargo & Company Express intoxicating liquors, to wit, four boxes of whisky, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

Then follows in the information 90 separate overt acts dealing with similar transactions of receiving and carrying away liquors on different dates from the Wells Fargo Express Company. The dates of these different overt acts of taking and carrying away liquors from the express company begin on the 3rd day of March, 1915, and date down to the 15th day of June, 1915.

To this information the defendants and each of them filed an amended demurrer upon the grounds: That the court is without jurisdiction; that the information fails to charge the defendants or either of them with the commis-

sion of any crime against the laws of the state of Oklahoma; that said information is not clearly and distinctly set forth in ordinary and concise language and in such manner to enable a person of ordinary understanding to know what is intended; that the said information does not substantially conform to the requirements of the laws of Oklahoma; that said information attempts to charge these defendants and each of them with the commission of more than one offense and is duplicitous.

The court overruled the said amended demurrer, and the said defendants and each of them excepted.

The uncontradicted evidence is that the said defendants, acting conjointly, had large quantities of whisky and beer shipped to them in Oklahoma City every day or so for some months, the said shipments being made to fictitious persons; that said defendants conjointly received said whisky and beer and carried or caused it to be carried away from the office of the express company, and from the railroad company; that they so received and carried off said whisky and beer in large quantities, the said receipts by them of said whisky and beer aggregating in three days six casks of beer and 49 cases of whisky. And the servants of the express and railroad company knew the contents of said casks and cases received by said defendants, and knew the said defendants, and permitted the said defendants and each of them to receive and to receipt in fictitious names for said whisky and beer received by the said defendants.

Neither of the defendants offered any evidence in the case.

Upon conclusion of the evidence the defendants and each of them demurred thereto, which demurrer was overruled, and exceptions saved.

The defendants and each of them requested the court to give the following instructions, numbered, respectively, 1, 2, 3, and 4, which instructions are as follows:

(1) "You are instructed, gentlemen of the jury, that under the laws of the state no person can be convicted of crime upon the uncorroborated testimony of an accomplice to that crime. Persons who act together in the commission of a crime are accomplices within this law, and under the undisputed evidence in this case the witnesses Hazelrig, Gowing, Buchanan, and Wagoner are accomplices, and the defendants cannot be convicted upon their testimony unless the same is corroborated by other evidence tending to connect the defendants with the crime committed, and such corroboration is not sufficient if it only shows the commission of the offense of conspiracy, but it must go further and corroborate the testimony of said witnesses as to one or more of the overt acts charged in the information, and if it fails to do this, you will find the defendants not guilty."

(2) "You are instructed that you cannot consider the testimony of the witnesses Elrick and Donovan in this case as to shipments of liquor received by the defendants from the Missouri, Kansas & Texas Railroad Company, unless you believe from the evidence that the state has proven a conspiracy between the defendants as charged in the information, and that the state has also proven one or more overt acts which are charged in the information."

(3) "You are instructed that you cannot consider in this case any independent acts committed by either one of the defendants as evidence against the other unless you believe from the evidence that the state has established beyond a reasonable doubt that said acts were committed pursuant to a conspiracy between the defendants charged in the information."

(4) "Under the law of this state, the defendants were not required to testify as witnesses, and their failure to do so cannot be considered by you or commented upon by the prosecuting attorney, as a circumstance against

them, for they had a right to refuse to testify, and such refusal raised no presumption of guilt."

The court refused to give either of said instructions, and to such refusal the defendants and each of them duly excepted.

In the petition in error the defendants and each of them assigned 55 errors, but only argued in their brief the following:

(1)   Overruling of demurrer to amended information

(2)   Overruling demurrer to the evidence.

(3)   Refusal of the court to give instructions respec-
in this case.
tively numbered 1, 2, 3, and 4 requested by the defendants.

The material ground argued by defendants to the insufficiency of the information is that it does not state to whom the defendants intended to sell said liquor and beer.

The learned attorneys of the defendants are mistaken in their contention that the person or persons to whom the defendants intended to sell said whisky and beer should be named in the information.   The gravamen of the crime which the defendants are charged to have conspired to commit was having in their possession intoxicating liquors with intent to sell the same, and hence it was not germane to any issue in the case to aver the person or persons to whom the defendant intended to sell said intoxicating liquors.

Section 2232, Rev. Laws 1910, reads:

"If two or more persons conspire * * * to commit any crime or * * * to commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or

the due administration of the laws, they are guilty of a misdemeanor."

In *W. S. Wishard v. State,* 5 Okla. Cr. 610, 115 Pac. 796, this court defines a conspiracy generally as:

"A combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful, by criminal or unlawful means."

We have not overlooked section 2234, Rev. Laws 1910, which reads:

"No agreement to commit a felony or to commit a misdemeanor amounts to a conspiracy, unless some act besides such agreement be done to effect the object thereof, by one or more of the parties to such agreement."

The law of this state makes it a misdemeanor to have in one's possession intoxicating liquors with intent to sell the same.

The information in this case properly sets out the conspiracy charged, the crime the defendants conspired to commit—having in their possession intoxicating liquors with intent to sell the same—and particularly describes the very many overt acts done by the defendants in furtherance of such conspiracy, and was not subject to the demurrer interposed to said information, and the court did not err in overruling said amended demurrer; the several grounds of demurrer interposed thereto, other than as to the sufficiency of said information, being without force.

The evidence in this case is undenied that the defendants entered into a conspiracy to engage in the violation of the prohibitory laws of this state in a wholesale manner, as shown by the great quantities of intoxicating liquors

almost daily for several months received by them, acting conjointly.

In *Ex parte Paul Hayes,* 6 Okla. Cr. 321, 118 Pac. 609, it is held:

"Slight evidence of collusion is all the law requires to admit the acts and declarations of a conspirator in evidence against his coconspirator."

In *Norman Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57, it is held:

"That it is not necessary to prove beyond a reasonable doubt that said persons were concerned in the commission of the offense; slight evidence is sufficient to render evidence of acts of one person who was concerned in the commission of an offense competent as evidence against other persons who were also concerned in the commission of the offense."

In *Ralph Wells v. Territory of Oklahoma,* 14 Okla. 436, 78 Pac. 124, it is held:

"Slight evidence of collusion is all that is required."

In *Starr v. State,* 5 Okla. Cr. 440, 115 Pac. 356, it is said:

"Slight evidence of collusion is all that is required"— citing 2 Rice on Evid. 865, *333; 1 Greenleaf on Evid. (13th Ed.) *111; *Anarchist's Case,* 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. Rep. 320; *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447.

The great quantity of intoxicating liquors almost daily for months received by the defendants, in the name of fictitious persons, sufficiently sustains the intent with which the defendants had said intoxicating liquors in their possession.

In *Logan Billingsley v. State,* 4 Okla. Cr. 597, 113 Pac. 241, it is held:

"In a prosecution for having liquor in possession with intent to sell the same, the quantity in possession is a circumstance which may be considered in determining the existence or absence of the intent to sell."

Certainly it cannot be said that the quantity of whisky and beer which the uncontradicted evidence shows the defendants had in their possession almost daily for months could have been with any other intent than to sell the same, and, in the absence of any explanatory evidence on the part of the defendants or either one of them, was sufficient evidence for the jury to find beyond a reasonable doubt that the defendants had said beer and whisky in their possession with the intent to sell the same.

Under the law the quantity of whisky and beer proven to have been in the possession of the defendants made it a question to be weighed by the jury in connection with the presumption of innocence which accompanied the defendants through the trial, and, there being no evidence at all by the defendants, or either of them, the finding of the jury in the case should not be interfered with.

The statute made the possession of great quantities of intoxicating liquors *prima facie* evidence of an intent to violate the prohibtory liquor laws of this state, and in *Alex Sellers v. State,* 11 Okla. Cr. 588, 149 Pac. 1071, it is held:

"The phrase '*prima facie* evidence,' as used in the statute, is such evidence as in the judgment of the law is sufficient to establish the fact, and evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proved; yet it does not make it obligatory upon the jury to convict after the presentation of such proof, whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions, are considered, is for the determination of the jury."

It follows that the court did not err in overruling the demurrer to the evidence.

There is no evidence in the case that any one of the witnesses who testified in this case was an accomplice of the defendants, and therefore requested instruction numbered 1 was abstract and properly refused. Requested instruction numbered 2 is fully covered by the instruction of the court, and therefore properly refused. Requested instruction numbered 3 was properly refused for the reason that it is involved, and also because the law intended to be given by said instruction is sufficiently covered by the instructions of the court. Requested instruction numbered 4 was properly refused. *Sturgis v. State,* 2 Okla. Cr. 262, 102 Pac. 57; *Carter v. State,* 6 Okla. Cr. 232, 118 Pac. 264.

In *Elmer Dunn v. State,* 15 Okla. Cr. 245, 176 Pac. 86, it is held:

"A requested charge of a defendant who did not testify in the trial that the jury be instructed not to consider his failure to testify as a circumstance against him is properly refused."

Upon a most careful reading of the entire record in this case and consideration of the briefs of the defendants' attorneys, we are convinced that the defendants and each of them had a fair trial, and are guilty as charged beyond a reasonable doubt, and that they were ably defended in the trial court and skillfully represented in this court.

The motion for a new trial was properly overruled.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.