## ALICE FRAZER v. STATE.

No. A-6820. Opinion Filed Nov. 16, 1929.
Rehearing Denied Nov. 30, 1929.
(282 Pac. 375.)

William Blake, Ed Crossland, and J. Earl Smith, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county of the crime of burglary and was sentenced to serve a term of four years' imprisonment in the state penitentiary. The information charged the burglarizing of the house of one Lucy Eisiminger by unlocking an outer door thereof and entering therein in the daytime with intent to steal personal property in said residence.

The complaining witness, Lucy Eisiminger, an Osage Indian, left her home near White Eagle for a few days to visit friends in Osage county. While she was absent, her home was burglarized and a large amount of household goods taken. Later the said Lucy Eisiminger was a guest at the home of the defendant, and while in the home discovered a large part of the missing articles from her home in the home and possession of the defendant. She then went to the county seat, made complaint, and obtained a search warrant for the premises of the defendant, and upon the search being made the officers found most of the property stolen from the complaining witness in the home and possession of the defendant.

The defendant first said that she had bought the goods from an Indian boy, but later claimed that the husband of Lucy Eisiminger had pawned the goods with her for a small loan. The undisputed evidence of the state was that the defendant was seen in and about the home of the complaining witness during her absence from her home and the stolen goods were found in the defendant's possession.

The defendant first contends that the conviction is based on evidence obtained by a search of defendant's residence under an invalid search warrant. It appears from the record that the search warrant was in form almost identical with that held to be invalid in the case of McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307. The evidence secured under the search warrant was inadmissible, but this conviction does not rest upon the evidence procured by the search made under this search warrant. There is ample evidence to support the conviction of burglary even entirely discarding the improper evidence of the possession by the defendant of recently stolen goods. This is not a conviction for larceny, and the possession of stolen goods by defendant was only a circumstance tending to prove that she was the one who broke into complaining witness' house. The fact of the breaking into was conclusively proven by the testimony of the witnesses Cline and Ullry, who testified positively to seeing the defendant use a key, open the door, and go into the house of the complaining witness. The defendant did not take the witness stand to deny her presence in the home of complaining witness in her absence. It is not disputed that the defendant did enter the locked house as alleged in the information. Defendant says that she was taken there for the purpose of looking at the house with a view of renting it, and attempts to explain her possession of the goods of complaining witness by testimony of witnesses other than herself, to show that Earl Eisiminger, the ex-husband of the complaining witness, brought them to her house and pawned them to her for a loan of $10. None of the witnesses offered by the defendant were able to identify the property claimed to have been stolen as the same property which defendant claimed was left with her as security for the loan. At the time the complaining witness found the

property in the home of the defendant, the defendant made no statement that she had loaned any money on the property, but did tell the officers when they came to search the premises that she had bought the property from an Indian.

This court has repeatedly held that the admission of incompetent evidence does not necessarily result in a reversal of the judgment. The rule is stated as follows in Williamson v. State, 19 Okla. Cr. 427, 200 Pac. 461:

"Evidence improperly admitted, on a mistaken theory of the case, will not be held reversible error where no miscarriage of justice resulted and defendant was not deprived of some constitutional or statutory right thereby."

There is another reason why this conviction should not be reversed because of the admission of alleged incompetent evidence. It is this: The fact of possession by defendant of some of this property was first proven by competent evidence. The complaining witness testified that she saw some of this property in defendant's house and in her possession on the night before the search warrant was issued.

In the case of Cahn v. State, 10 Okla. Cr. 200, 135 Pac. 1155, this court said:

"When the record discloses the fact that the court has improperly permitted a witness to testify to facts which are conclusively proved by documentary evidence, although it is error, this court will not reverse a judgment when it is clear that no injustice resulted therefrom."

In the case at bar the possession was not only tacitly admitted, but first proven by competent evidence, and cumulative evidence on that point, even if improperly admitted, cannot be said to have deprived the defendant of

a fair trial. Defendant's counsel have argued no other alleged error in their brief. The evidence of guilt of the defendant is so conclusive that there is no reason to believe that another trial, even with the alleged incompetent evidence kept from the jury, would result in any different verdict.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.