## A. C. BRIDGES v. STATE.

No. A-8576.  Dec. 8, 1933.
(27 Pac. [2d] 868.)

Newton & Pinson, for plaintiff in error.

J. Berry King, Atty Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Wagoner county of assault with a dangerous weapon and was sentenced to serve a term of 2 years in the state penitentiary.

The information charges that defendant committed an assault upon one Hailey with a dangerous weapon, to wit, a razor. The testimony, while conflicting as to the cause of the difficulty, sustains the charge. Defendant admitted an encounter with Hailey in the course of which he struck him with a knife, but denied he had a razor. He claimed to have acted in self-defense and apprehension of danger. The trial judge propounded the question to the witness Hailey: "Are you sure, son, that you saw the razor he cut you with?" This, defendant's counsel contends, is a comment of the court on the weight of the testimony, and in fact discredits the testimony of defendant who had just testified he had used a knife and not a razor. Under the charge, it was not a material variance, even if the testimony had shown conclusively the assault was with a knife instead of a razor. The similarity of the weapons was such, proof of either would support the charge. It is possible, however, the jury may have attached too much significance to the rather pointed question of the trial judge in which he assumed the weapon used was a razor.

At the conclusion of the testimony the court stated to the jury that by agreement of counsel he would instruct orally, and, after so stating, asked counsel if that was satisfactory, to which both assented. The instructions were then given orally, and at the conclusion of the trial defendant had noted his exception to certain instructions, including No. 5, in which, among other things, the jury is told:

"* * * If you believe any witness has sworn falsely to any material fact at issue in the case, you have the right, if you desire, to entirely disregard the testimony of any such witness or witnesses, or you may give it such weight and value as you deem it entitled to have under all

the facts and circumstances proved in the case, you being the sole judges of the credibility of the witnesses and the weight and value to be given to their testimony. * . * *"

This, defendant insists, was error, citing Billingsley v. State, 4 Okla. Cr. 597, 113 Pac. 241; Hendrix v. State, 4 Okla. Cr. 611, 113 Pac. 244; Gibbons v. Territory, 5 Okla. Cr. 212, 115 Pac. 129; Henry v. State, 6 Okla. Cr. 430, 119 Pac. 278; York v. State, 40 Okla. Cr. 312, 269 Pac. 323. In Billingsley v. State, supra, the giving a similar instruction was held reversible error.

Expedition in the trial of criminal cases is much to be desired, but when the taking of testimony has been concluded but little additional time is required to prepare written instructions, particularly as most of the instructions in a criminal case are formal and may be prepared beforehand. Counsel in a criminal case have a right to inspect the instructions before they are given and to take exceptions, if they desire. Section 3057, Okla. St. 1931. If they are given orally, by consent of parties, exceptions may be reserved at the close of the trial. It is an unsafe practice for the trial court to give oral instructions. Under the rule announced in several decisions of this court the case is reversed and remanded.

DAVENPORT, J., concurs. CHAPPELL, J., dissents.