## GARNER v. STATE.

No. A-11532. July 30, 1952.

Rehearing Denied Sept. 24, 1952.

(248 P. 2d 283.)

W. L. Steger, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Ass't. Atty. Gen. for defendant in error.

POWELL, J. J. M. (Bud) Garner, hereinafter referred to as defendant, was charged jointly with H. E. Jutson in the county court of Bryan county, with the crime of unlawful possession of intoxicating liquor. After a severance was granted by the trial court, Garner was tried by a jury which returned a verdict of guilty and fixed the punishment to be a fine of $50 and a term of 30 days in the county jail.

The state used two witnesses, and being the two officers who made the arrest and obtained the whiskey involved, and the defendant testified, but offered no evidence. Defendant had denied that the whiskey was his.

For reversal but one proposition is urged, and it does not require a recitation of the evidence. Counsel says "The plaintiff in error contends that he was denied a fair trial by reason of the introduction of a certain stamp 'Business: Retail Liquor Dealer' * * * and same was offered in evidence over the objection of the plaintiff in error, and exception was saved." At the time the court admitted into evidence the exhibit in question counsel for defendant interposed the following objection:

"I. That said Exhibit 2 is not properly certified;

"2. That said Exhibit 2 is not in due and proper form as required by the laws of the State of Oklahoma and by the laws of the United States.

"3. That said Exhibit 2 is not the best evidence of the facts set forth therein;

"4. That said Exhibit 2 is not in due and proper form; is not duly authenticated and same is not shown to be offered in evidence by any person or parties having same under their trust and control;

"5. That said Exhibit 2 is heresay."

The exhibit, No. 2 complained of was what is commonly called a record of payment of retail liquor dealer's tax. It reads in words and figures as follows:

"Treasury Department
Internal Revenue Service
Oklahoma City 1, Okla.

"Office of the Collector
District of Oklahoma

September 19, 1950

"In Reply Refer to W & ET :TMP
"Mr. Lewis T. Martin
County Attorney,
Durant, Oklahoma

"Name *J. M. Garner*, Business *Retail Liquor Dealer*, Place *Durant, Oklahoma*. From what time *July* 1, 1950 *to June* 30, 1951 Amount of Tax $27.50 Date of Payment or issue of certificate 8/1/50 Serial No. of Stamp *87979*. Street and number 116 N. 1st Street.

"Collector's Office, Oklahoma City, Oklahoma.

"I, H. C. Jones, the undersigned, do hereby certify that I am the Collector of Internal Revenue for the District of Oklahoma and the custodian of an alphabetical list of *Retail Liquor* special taxpayers in said District, such list being contained in Record No. 10 of my office, for the District of Oklahoma, and I do hereby certify that the above and foregoing is a true and correct copy of the names and entries as they appear and are on said Record No. 10 for the District of Oklahoma.

"In witness whereof, I have hereunto set my hand and official seal this 19*th* day of *September*, 1950, at the office of the Collector of Internal Revenue for the District of Oklahoma, at Oklahoma City, Oklahoma.

[s] "H. C. Jones
Collector"

(Seal)

The information sets out the date of the possession as August 5, 1950. The certificate issued by the Collector of Internal Revenue was for the period July 1, 1950 to June 30, 1951. The fee was not paid and it was not actually issued until August 1, 1950, but it appears that federal retail liquor stamps are issued for the period beginning July 1st and ending June 30 of the folowing year, 26 U.S.C.A. § 3274. *The important thing to notice, however, is that the defendant paid for the license and the receipt issued on August 1, 1950, which was prior to the date of the possession charged.*

Defendant urges that the state statute governing this type of evidence is Tit. 12 O.S.A. § 486. While in the case of Bates v. State, 91 Okla. Cr. 199, 218 P. 2d 404, this court appears to have treated said provision of the statute broad enough to cover the matter, and while it is broad enough to cover the question, § 486 of

Tit. 12 O.S.A. is a general statute, respecting the introduction in evidence of copies of public records. It is not necessary to consider counsel's argument of the question of the sufficiency of preliminary proof under such statute. This for the reason that there are special statutory provisions governing admissibility and method of proof of payment of the federal special liquor tax and being Tit. 12 O.S.A. § 499, and Tit. 12 O.S.A. § 500 considered in connection with Tit. 37 O.S.A. § 81.

Tit. 37, O.S.A. § 81, reads:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents, appointed as hereinbefore provided, shall constitute prima facie evidence of an intention to violate the provisions of this Chapter,"

Tit. 12 O.S.A. § 499 reads:

"Exemplifications from the books of the departments of the government of the United States, or any papers filed therein, shall be admitted in evidence in the same manner and with like effect as the originals, when attested by the officer having the custody of such originals."

Tit. 12 § 500 reads:

"The signature of the officer to any certificate or document hereinbefore mentioned, shall be presumed to be genuine until contrary is shown."

These statutes, excepting of Tit. 12 O.S.A. § 500, were first construed by this court in the case of Billingsley v. State, 4 Okla. Cr. 597, 113 P. 241 wherein reference is made to both the State and Federal provisions on the subject. The facts with reference to the certificate in the Billingsley case and this case are similar. A certified copy of the record is all that is necessary. Hargrove v. State, 8 Okla. Cr. 487, 129 P. 74; Cahn v. State, 10 Okla. Cr. 200, 135 P. 1155; Markeson v. State, 11 Okla. Cr. 578, 149 P. 928; King v. State, 92 Okla. Cr. 267, 222 P. 2d 771.

In the within case the certificate copied above shows on its face to have been transmitted to Lewis T. Martin, county attorney, Durant, whom this court will take judicial knowledge was county attorney of Bryan county, Oklahoma; and this court will take judicial notice that it is the duty of the Collector of Internal Revenue for this State, to keep a record of the names of all persons who shall have paid special taxes within his district, and shall state thereon the time, place and business for which such special taxes have been paid, and upon the application of any prosecutor's office of any state, county or municipality, he shall furnish a certified copy thereof, as of a public record. See Tit. 26, U.S.C.A. § 3275. The instrument admitted in evidence was duly certified by the Collector under seal, and fully compiled with all statutory requirements.

The questions attempted to be raised in this case as to § 486 of Title 12, O.S.A., have in the past been interposed as to the statutory provisions applicable here, and above mentioned. However, such questions were long ago determined adversely to the argument herein interposed, and in the Billingsley case, supra. Cited therein were Sections 4181, 5905, and 6834 of the Comp. Laws 1909 (Snyder), which now appear as Tit. 37 O.S. 1951 § 81; Tit. 12 O.S. 1951 § 499; Tit. 22 O.S. 1951 § 499; and Tit. 22 O.S.1951 § 702, respectively. Also cited with approval and where the fundamental principles involved had been treated in some detail were the cases of State v. Dowdy, 145 N.C. 432, 58 S.E. 1002; State v. Shook, 75 Kan. 807, 90 P. 234; also State v. Nippert, 74 Kan. 371, 86 P. 478; City of Topeka v. Stevenson, 79 Kan. 394, 99 P. 589; and State v. Howard, 91 Me. 396. 40 A. 65.

The principle of law derived by this court from a consideration of the statutory provisions in question, and the cases above cited, and since adhered to in a long line of cases by this court, is as stated in the Billingsley case:

"A certified copy of the record of the collector of internal revenue, made by the deputy collector in the name of the collector, under the seal of the latter's office, showing that a defendant has paid the special tax required of liquor dealers by the laws of the United States, is admissible as evidence in a prosecution for having liquor in possession with intent to sell same, and constituting prima facie proof of the intent to sell."

We conclude that the State's Exhibit No. 2 complained of was properly received in evidence, and accordingly, the case is affirmed.

BRETT, P. J., and JONES, J., concur.