## WILLIAM BROKHAUS v. STATE.

No. A-2070.   Opinion Filed July 21, 1915.

1.  **INTOXICATING LIQUORS—Possession—Evidence of Reputation.**
    Upon a trial on an information charging that the defendant did
    have the possession of intoxicating liquors with the intent to
    sell the same, evidence of the general reputation of his home
    was incompetent to prove the charge.

2.  **APPEAL—Evidence—Hearsay Testimony.** Where hearsay testi-
    mony has been received which contributed to a verdict of guilty,
    the reception of such evidence does not constitute harmless error,
    but will be ground for reversal.

    (Syllabus by the Court.)

*Appeal from County Court, Kingfisher County;*
*R. F. Shutler, Judge.*

William Brokhaus, convicted of violating the prohibitory
law, appeals.   Reversed.

*D. K. Cunningham* and *E. G. Spilman,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty.
Gen., for the State.

PER CURIAM.   The plaintiff in error was convicted on
a charge of unlawfully having in his possession intoxicating liquor
with intent to sell the same, and his punishment fixed at a fine
of fifty dollars and confinement in the county jail for 30 days.
This appeal is from the judgment rendered in pursuance of the
verdict.   An examination of the record discloses that the de-
fendant was prosecuted with unusual severity and that nearly
every objection to incompetent evidence made by counsel for
the defendant was overruled.   Upon arraignment, in addition
to his plea of not guilty, he entered a special plea of former
jeopardy, and to support the special plea, introduced in evidence
the information and record proper, including the judgment of
conviction in a case tried at the January, 1913, term of said
county court, which judgment of conviction on appeal was af-
firmed by this court.

The court of its own motion overruled the special plea and allowed an exception. The defendant also demanded that the issue of former jeopardy be submitted to the jury, and in the trial of the case offered the record and other evidence to show that the offense charged was necessarily included in the offense of which he was first convicted. Which offer of proof was rejected by the court. This was error. The plea was sufficient to require a reply and trial by jury of the issues raised. It appears from the record that S. E. Slickmyer, a witness in behalf of the state, was asked if he ever obtained any liquor at Mr. Brokhaus' residence in the town of Kiel and answered:

"A. I don't know whether I did at his house or not. I can't say."

We was then asked by the county attorney:

"Q. Mr. Slickmyer, didn't you tell me a moment ago that you obtained some liquor at Mr. Brokhaus' residence in the town of Kiel. (The defendant's objection overruled. Exception noted.)  A. 'Well, I told you I got it at a place they said it was his place, I would not swear it was for I don't know.' The defendant moves to strike out the answer of the witness as incompetent, irrelevant and immaterial and purely hearsay. By the Court: Overruled."

This was error.

"By the County Attorney: 'Did you not state to me a moment ago that you went into the place occupied by Mr. Brokhaus and found sitting on the table a bottle of whisky and a glass? Did you not further state to me that the defendant Mr. Brokhaus was in an adjoining room? Did you not further state to me you poured out a drink of whisky from this bottle into this glass, drank it and laid down some money and walked out, did you not make those statements?' (Objected to by counsel for the defendant for the further reason that it is prejudicial to the rights of this defendant to have such statements made by the county attorney in the hearing of the jury.) By the Court: I will sustain the objection at this time and ask the witness to just state the facts in his own words.  A. I think I have answered every question asked me, haven't I, your honor, in this case?  By the Court: I will ask you again to state those facts, or I will fine you for contempt of court.  A. I did, yes sir, I got it.  Q. State what you got.  A. I suppose it was whisky. Q. Was this whisky or was it not?  By the Court: Answer the

question yes or no. A. Yes. Q. Did you leave any money when you left the room? A. I did. Q. How much? A. Ten cents. Q. Did any one pick this money up while you were there? A. No, sir. (Counsel for the defendant moves to strike out the evidence of this witness as being incompetent, irrelevant and immaterial. Overruled. Exception.)"

This was clearly error.

G. I. Mathews, a witness for the state, testified that he knew the general reputation of the residence of the defendant Brokhaus in the vicinity of Kiel. · He was then asked:

"Q. What was that reputation? A. Well it was supposed a man could get liquor there. By the Court: What do you mean by supposed? A. It was the reputation that liquors could be gotten there."

The defendant's motion to strike out the answers was overruled. Exceptions reserved. This was error. *Thompson v. State,* 9 Okla. Cr. 525.

A. A. Christ, a witness for the state, was allowed to testify as to what was the general reputation of the residence of the defendant with reference to being a place where intoxicating liquors were sold. Against the objection of the defendant's counsel he answered: "It was supposed it has." Also that he gave a fellow a dollar and he went·to Brokhaus' place and got some whisky. This was error. On cross-examination he was asked:

"Q. Do you know he got it there from your own personal knowledge? A. No, sir."

W. F. Dimmick was allowed to testify against the objection of the defendant's counsel that his hired man came home with a bottle of whisky and had told him that he got the whisky at Brokhaus' and that he heard his hired man say that he had drank whisky at Brokhaus' place. This also was error. It seemed to have been forgotten that the defendant was presumed to be innocent until the contrary was proved.

The court gave the following instruction:

"If after considering all the evidence introduced herein you can reasonably draw the conclusion that the defendant did not keep the whisky for the purpose of selling it, or giving it away, it is your duty to so find. (Exception allowed.)"

For the errors pointed out the judgment is reversed.