# THOMPSON v. STATE.

No. A-11785.   Oct. 7, 1953.

(261 P. 2d 900.)

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., George Camp, County Atty., Major County, Fairview, for defendant in error.

POWELL, P. J.   Nellie M. Thompson was convicted in the county court of Major county of selling one pint of whiskey to an investigator of the Department of Public Safety of the State of Oklahoma. The case was tried to a jury, resulting

in the conviction of the defendant with a fine of $50 and thirty days in the county jail assessed.

The evidence indicates that the alleged purchase was made as a basis for a search warrant subsequently obtained, but where no further liquor was found.

The state sought to prove by the state operative alleged to have purchased the pint of whiskey that he was sent to Major county to investigate liquor law violations, and that he inquired of a waitress where liquor might be purchased, and she called her husband, Sam Epp, who agreed to take him to a place of supply and did take him to the home of Nellie M. Thompson, who sold him a pint for $5, and which liquor was introduced in evidence. So far, so good, but state's witness Epp, who had previously been convicted of having mash (for purpose of making whiskey) in his cellar, denied taking the officer to the defendant, or ever having seen him until the day of the trial. Apparently the county attorney did not interrogate and procure an affidavit from Epp in the beginning, and just prior to trial Epp advised the county attorney that he would deny having aided in the whiskey sale or having ever before seen the officer. The county attorney, of course, was in a dilemma at trial when his witness Epp testified against the state. He proceeded to cross-examine and attempted to impeach his own witness over the protest of counsel for the defendant. It is only when counsel has been deceived or entrapped by a witness that the court may in its discretion permit counsel to cross-examine him. Brokhaus v. State, 11 Okla. Cr. 625, 150 P. 510.

We have often said that when a party places a witness upon the stand with notice that such witness will testify adversely to him, he cannot claim surprise at such testimony, and will not be permitted to impeach the witness in any manner. Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57; Paris v. U. S., 5 Okla. Cr. 601, 115 P 373, Broshears v. State, 17 Okla. 192, 187 P. 254.

The defendant testified and denied selling the officer liquor, and produced a number of persons who claimed to have been visiting in defendant's home the night of the alleged sale prior to and after the claimed visit by the officer, and they denied seeing Epp or the officer and denied that defendant could have sold the liquor without their knowledge during this period. The county attorney in desperation quizzed one of these witnesses as to his knowledge that his neighbor, the defendant, possessed a retail liquor dealer's stamp for 504 S. 5th Street, Fairview, of which the witness denied knowledge. This was improper cross-examination unless the state possessed, and was prepared to submit in rebuttal, evidence that the accused did possess the stamp and that this witness had particular knowledge of such. Under such circumstances that line of questioning would be permitted not as evidence in support of the charge of the sale of intoxicating liquor, but purely for the purpose of impeachment. Evidence of the possession of a retail liquor dealer's stamp is proper where possession of intoxicating liquor with intent to sell is involved, as proof of the possession of such a current stamp under such circumstances and the possession of any amount of intoxicating liquor constitutes prima facie evidence of the possession with intent to sell. Such evidence, of course, would not be of value in determining whether a person actually did sell, as in the within case. In that the defendant denied being in the liquor business and of making the sale in question, if she in fact possessed a stamp, the county attorney could have obtained such information by way of the prescribed certificate from the proper Federal official as by law provided and used such certificate in cross-examination of the defendant herself, or by way of rebuttal, but for the sole purpose of impeachment. The jury under such circumstances would be so instructed. Billingsley v. State, 4 Okla. Cr. 597, 113 P. 241; King v. State, 92 Okla. Cr. 267, 222 P. 2d 771; Garner v. State, 96 Okla. Cr. 68, 248, P. 2d 283.

In Neely v. State, 60 Okla. Cr. 99, 61 P. 2d 741, this court said:

"The repeated asking of incompetent questions, which clearly have for their purpose the intimation of something to the jury that is either not true or not capable of being proven if true, is wrong, and such conduct of counsel is not cured because the court sustains the objections to the questions."

See, also, Klaassen v. State, 39 Okla. Cr. 402, 266 P. 495, Cook v. State, 36 Okla. Cr. 285, 253 P. 1029; Kizer v. State, 67 Okla Cr. 16, 93 P. 2d 58.

In the Cook case we said:

"It is an abuse of judicial discretion to allow questions to a witness which are manifestly calculated to create prejudice in the minds of the jury against the witness, and, if he be the defendant, influence them to find against him because of such prejudice."

Based on the denial of the defendant that she sold the officer a pint of liquor, and on the evidence of the state's witness Epp that he did not drive the officer to the defendant's residence and witness the sale, as testified by the officer, and based on the evidence of other defense witnesses, counsel for the defendant submitted a requested instruction based on such defense, which the court refused to give, and failed to give any instruction anchored on the hypothesis that defendant did not in fact sell the officer the whiskey. This court has repeatedly held that it is the duty of the court to instruct the jury from both the standpoint of the state and the defendant; and that the defendant has the right to have a clear affirmative charge based upon the assumption that his testimony and the testimony of his witnesses was true, when this testimony affects a material issue in the case. Crossett v. State, 96 Okla. Cr. 209, 252 P. 150; Skelley v. State, 64 Okla. Cr. 112, 77 P. 2d 1162; Thomas v. State, 68 Okla. Cr. 63, 95 P. 2d 651; Gaddy v. State, 81 Okla. Cr. 236, 162 P. 2d 787. See also Bond v. State, 90 Okla. Cr. 110, 210 P. 2d 784.

Here the evidence of the officer alone, absent other errors, would have supported the verdict of the jury. As the case stands, it must be reversed, though the record demonstrates that perjury was committed by some one. The jury chose to believe the officer over the numerous witnesses for the defense, and while it is true that the jury had the opportunity to observe the witnesses and their demeanor, yet the prejudicial error might have turned the scales.

The Attorney General when the case was submitted indicated that he could not defend the record, and has not filed a brief. This is tantamount to a confession of error.

By reason of the errors recited, the case is reversed.

JONES and BRETT, JJ., concur.