Cecil YARBROUGH, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12216.

Criminal Court of Appeals of Oklahoma.

Dec. 7, 1955.

David Tant, Ralph Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding. Judge.

The defendant, Cecil Yarbrough, was charged by an information filed in the District Court of Oklahoma County with the crime of forgery in the second degree, was tried, convicted and sentenced to serve three years in the penitentiary and has appealed.

The defendant was charged with allegedly having in his possession a forged check purporting to be the check of one Weldon S. Liebolt in the amount of $22.44 with the intent on the part of the defendant to utter the check as true, the said defendant knowing the same to be forged and counterfeited and not the true signature of Weldon S. Liebolt.

The evidence of the State showed that several checks and a check protector belonging to the Weldon S. Liebolt Construction Company in Oklahoma City were stolen the night of April 2, 1954. State's exhibit one, being the alleged forged check in question, was submitted to Mr. Liebolt who testified that his signature had been forged on the check. He was unacquainted with defendant.

Oran Mullins, a groceryman in Oklahoma City, testified that on April 3, 1954, the defendant brought the check identified as State's exhibit one to his store and asked that it be cashed, but Mullins refused to cash it because he did not cash checks on construction companies where he did not know the parties. Defendant insisted the check was good because it was a "bonded" check, but Mullins refused to cash it for him. About the same time that accused presented the Liebolt check to Mullins to be cashed, another individual known as Norval Brown presented a similar check to a grocery store adjacent to the Mullins Grocery. Before Brown left the grocery store it was learned the check was forged, officers were notified and Mullins while sitting at the rear of his store saw Brown and Yarbrough running down the railroad track away from the stores. The police officers arrived at that moment and started chasing Brown and the defendant and caught them after firing a shot in the air and commanding them to stop. The men were searched but the check which defendant had presented to Mullins to be cashed was not found on him. A short distance from where defendant and Brown had been apprehended the check was found on the railroad track wadded into a small wad. It was identified by Mullins as being the check presented to him by Yarbrough. Defendant and Norval Brown had lived in the same town and had come to Oklahoma City together. After talking to defendant and Brown at police headquarters, the officers went to the 1500 block on Southeast 15th Street and there found one Bob Lyle in defendant's car. In the automobile were several of the Liebolt Company checks. Lyle took them to a dump and showed them where they had thrown the check protector and it was recovered. The defendant and all of the others involved made statements to the officers admitting their part in the theft and attempted uttering of the forged checks and involved a fourth party by the name of Stubblefield or Sutterfield. (He was referred to by both names in the testimony.) The defendant told the officers that he wadded up the check and threw it away on the railroad as he was fleeing the officers.

The defendant testified in his own behalf. He admitted being acquainted with

Norval Brown and with Stubblefield and Lyle and with being with them the night before he allegedly attempted to pass the forged check and admitted that Lyle was in his automobile at the time Lyle was arrested with several of the checks in his possession but he specifically denied attempting to pass the forged check in the Mullins Grocery. He admitted being convicted for various crimes. A large part of his testimony was evasive and contradictory. He testified that he received a gov-, ernment check in the amount of $44.10 a month as compensation for disability he sustained during the war and he stated that he attempted to cash this government check in the Mullins store but never at any time had in his possession or attempted to cash the forged check on Liebolt. He stated that he cashed his government check about three blocks from the Mullins store and was walking back toward the Mullins store when he saw Norval Brown running toward him with a policeman after him. He admitted riding out to the neighborhood of the Mullins store with Stubblefield and Brown. He denied fleeing from the officers.

At the close of the evidence counsel for the accused requested that the trial court give the following instruction:

"It is the contention of the defendant that the check he presented to the complaining witness was a government check he had received as government compensation and was not a forged or false check. Now if you believe from the evidence that the check was presented by the defend-. ant, if any check was presented, was a government check, or if you have a reasonable doubt thereof then you should return a verdict of not guilty."

The sole basis for this appeal is the contention of the accused that the court erred in refusing to give this requested instruction, it being the contention of the defendant that the requested instruction embodied the theory of defense of the defendant and that the defendant was entitled to have an affirmative instruction embracing his theory of defense.

■ It is certainly true that the defendant is entitled to an affirmative instruction covering his theory of defense based upon the hypothesis that the testimony of defendant and his witnesses was true where the same affects a material issue in the case. Thompson v. State, 97 Okl.Cr. 253, 261 P.2d 900; McNutt v. State, Okl.Cr., 288 P.2d 418. However, the court properly refused to give the requested instruction. The requested instruction would have told the jury it was their duty to acquit defendant if the defendant had had possession of the government check or had presented it. The defendant might have had a government check in his possession and might have presented it to be cashed but that would not have been a defense to the charge of forgery if the jury had believed that he had possession of the Liebolt check and had attempted to pass it. The testimony concerning the government check was admissible for the purpose of being explanatory of the defendant's possession of about $40 in cash at the time of his arrest.

■ The defense simply denied having the Liebolt check in defendant's possession at any time and denied that he attempted to pass it anywhere. Instruction number six which was given by the trial court clearly advised the jury of the elements of the crime charged to the defendant and of their duty to find the commission by the defendant of the various elements making up the offense beyond a reasonable doubt before they should return a verdict of guilty. Instruction number six reads:

"You are further instructed that before you can find the defendant guilty of the particular offense charged in the information, you must find beyond a reasonable doubt that at the time of his arrest, or immediately prior thereto, he had in his possession the check identified as State's Exhibit #1, and that he had said check with the wrongful intent to cheat and defraud, and utter said check as true, and with the knowledge that the check was forged.

"If, after a careful consideration of all the evidence, facts and circum-

stances disclosed upon the trial, you have a reasonable doubt as to whether the defendant had the said check in his possession at the time of his arrest, or immediately prior thereto, or if you have a reasonable doubt that he intended thereby to wrongfully cheat, defraud, and utter said check as true, or if you have a reasonable doubt he knew such check was forged, then and in either of such events, you must give the defendant the benefit of that doubt and return a verdict of 'Not Guilty.'"

Affirmed.

BRETT and POWELL, JJ., concur.