**Kurtis J. BALES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–83–210.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1984.

Jack N. Shears, Ponca City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Kurtis J. Bales was charged, tried and convicted in the District Court of Kay County, Oklahoma, for the offense of Driving Under the Influence of Alcohol, in violation of 47 O.S.Supp.1982, § 11–902, now 21 O.S.Supp.1983, § 11–902. He was sentenced to thirty days' imprisonment, and assessed a one-hundred-fifty dollar fine.

State Highway Patrol Trooper Jim McBride was on patrol in Kay County on the night of August 27, 1982, when he observed the appellant drive a motorcycle through an intersection without stopping at the stop sign. Trooper McBride followed the appellant in his patrol car, and determined that the appellant was driving at an excessive rate of speed. He then stopped the appellant.

As Trooper McBride was examining the appellant's drivers' license, he detected the odor of alcohol. The appellant told him he had been to a "Keg" party. Trooper McBride then conducted several routine "roadside" tests, and determined that the appellant was intoxicated. He escorted the

appellant to the Ponca City Police Station, where the appellant consented to taking a "breathalyzer" test.

The breathalyzer revealed his blood alcohol content to be .13%. A person is prima facie considered under the influence of alcohol under 47 O.S.Supp.1982, § 756, now 21 O.S.Supp.1982, § 756, when his blood alcohol content is .10%.

The appellant's sole allegation of error is that the results of the breathalyzer test were improperly admitted into evidence. He argues that, 1) the State failed to prove the breathalyzer had been properly maintained prior to the time the test was administered to the appellant, and 2) that Trooper McBride did not continuously observe the appellant for fifteen minutes prior to administration of the test. See, 20 O.G. Register 1396 (1981).

Trooper McBride testified in detail concerning the procedure he followed in preparing the breathalyzer machine to test the appellant. (Tr. 23–27). Furthermore, Officer Dan Tebow testified concerning the routine maintenance of the machine he had recently performed. (Tr. 80–87). There was no error.

Secondly, between Trooper McBride and a Ponca City Police Officer, the appellant was under constant observation. (Tr. 57). The Board of Chemical Tests for Alcoholic Influence regulation 1(a)(1) only requires continuous observation for the fifteen minute period.[1] It does not require that the arresting officer, the administrator of the breathalyzer test or any other specific person continuously observe the subject. Furthermore, testimony, including that of the appellant himself, established that he did not ingest any solid or liquid matter, smoke or regurgitate during that period. (Tr. 64–65, 67, 73, 105–107).[2]

We are convinced that the rules set forth in 20 O.G. Register 1396 (1981) were complied with in the administration of the breathalyzer. Accordingly the evidence obtained therefrom was properly admitted into evidence.

The judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

---

1. a. The procedure for each such analysis shall include the following steps:
   (1) Continuous observation of the subject, whose breath is to be tested, for a period of at least fifteen (15) minutes prior to the collection of the breath specimen(s), during which observation period the subject shall not have ingested alcohol or alcoholic beverages, regurgitated, vomited, eaten, or smoked.

2. The purpose of the fifteen-minute observation period is to ensure that the subject does not affect the breathalyzer test by eating, drinking, smoking or vomiting. See Footnote 1, supra.