**Houston Don HARRALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–471.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1984.

tent to commit some crime therein. . . .

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Houston Don Harrall was convicted by a Payne County jury of Rape in the First Degree, After Former Conviction of a Felony, and was sentenced to eighteen (18) years in prison. On appeal, he presents six propositions of error. We affirm.

## I.

As his first proposition of error, appellant contends that the uncorroborated testimony of the prosecutrix was improbable, unreliable, contradictory, and impeached, and hence insufficient to support the verdict.

In summary, the prosecutrix testified that she was abducted by appellant at knife point in the early morning hours of September 12, 1981, as she used a telephone booth across the street from her Stillwater residence. He forced her to drive to a dirt road outside of town, where he ordered her to disrobe and raped her. He then drove her around the countryside for an hour and a half as he pondered what to do with her. After repeated vows of silence by the victim, the appellant decided to return her to Stillwater and release her. En route back to town, the appellant expressed remorse, and insisted that the victim accept two twenty dollar bills for her trouble. When she reached safety, the prosecutrix called her boyfriend, who in turn summoned the police. The victim turned over her clothes and the money to the investigators.

■ The defense claimed that the prosecutrix consented to intercourse. The appellant testified that the complaining witness flagged him down from the phone booth, and agreed to engage in an act of prostitution. On appeal, the appellant challenges the sufficiency of the prosecutrix's testimony, relying upon the color and manner of her dress; the assortment of articles taken by her to the phone booth; her failure to seize opportunities for escape; her often lengthy conversations with the rapist during the ordeal; and her acceptance of the money. However, the prosecutrix offered plausible explanations for these and other features of the case emphasized by the de-

fense, and we conclude that a jury question was presented.[1]

■ Before the uncorroborated testimony of the complaining witness will be found insufficient, it must be of such contradictory and unsatisfactory nature, or the witness so thoroughly impeached, that the reviewing court must say that her testimony is clearly unworthy of belief and insufficient as a matter of law to sustain the conviction. *Gamble v. State,* 576 P.2d 1184 (Okl.Cr. 1978). We are unable to so conclude with regard to the testimony in this case.

■ As his third proposition of error, appellant contends that the prosecutor engaged in improper cross examination of the defendant concerning the details of his prior convictions. We have carefully reviewed the alleged improper inquiries, and conclude that appellant has not demonstrated prejudice. It is not error alone that requires the reversal of judgments of conviction, but error plus injury, and the burden is on the appellant to establish the fact that he was prejudiced in his substantial rights by the commission of error. See *Thompson v. State,* 519 P.2d 538 (Okl.Cr.1974).

■ However, we wish to express our strong disapproval of the fact that the prosecutor was allowed to inquire of the appellant whether acts of forcible sex occur in prison. It is an abuse of judicial discretion to allow questions to a witness which are manifestly calculated to create prejudice in the minds of the jury against the witness, and, if he be the defendant, influence them to find against him because of such prejudice. *Thompson v. State,* 97 Okl.Cr. 253, 261 P.2d 900 (1953). However, the prosecutor was endeavoring to show that a person

1. The most troubling lapse, as it were, in the prosecutrix's testimony was her admission that after the return to Stillwater, the appellant stopped at a convenience store and went inside to purchase cigarettes. She conceded that people were going in and out of the store, and that appellant possibly left the motor running, yet she made no attempt to escape. She explained that she felt that appellant was not then going to harm her and in fact was going to return her to the point of abduction, and she didn't want

to jeopardize her release. Her version is supported by expert testimony that the facts related by the prosecutrix fit the "power rape" category, characterized by a desire on the part of the rapist to control the victim for an often prolonged period of time, and a feeling of being controlled on the part of the victim. Under these circumstances, we do not regard the prosecutrix's testimony as so improbable on this point as to justify interfering with the verdict.

of greater physical power could force a weaker individual to perform sex acts, and he did not dispute appellant's denial of any personal involvement in such acts. Under these circumstances we cannot conclude that actual prejudice resulted.

## II.

■ Appellant urges several propositions of error which have not been properly preserved for review on appeal. Under his second proposition, appellant argues that the trial court erred in permitting the use of alleged remote prior convictions to impeach his testimony at trial. The only ruling by the judge in this respect was the denial of a pretrial motion in limine. Trial counsel did not thereafter oppose the use of such evidence at trial, but rather elicited it on direct examination of the appellant in the defense case-in-chief. In order to preserve this issue for review, appellant was obligated to resist the use of the evidence at trial. See *Teegarden v. State,* 563 P.2d 660 (Okl.Cr.1977).

■ As his fourth proposition of error, appellant asserts that an expert prosecution witness was improperly allowed to invade the province of the jury. However, no objection was interposed at trial. If no specific objection is made to the admission of evidence by the trial court, counsel will not be heard to raise such objection for the first time on appeal. See *Beeks v. State,* 563 P.2d 653 (Okl.Cr.1977).

Finally, as his fifth proposition of error, appellant complains that the prosecutor engaged in improper cross examination and closing argument. However, no objection was made to the alleged improper closing argument, *Tahdooahnippah v. State,* 610 P.2d 808 (Okl.Cr.1980), and no timely objection was entered to the questions complained of on cross examination. *Gaines v. State,* 568 P.2d 1290 (Okl.Cr.1977). See also

*Lung v. State,* 420 P.2d 158 (Okl.Cr.1966) and *Baker v. State,* 9 Okl.Cr. 47, 130 P. 524 (1913) (counsel must raise at the proper time all objections to the proceedings).

## III.

■ Anticipating our ruling on the issues not properly preserved for review, appellant urges ineffective assistance of counsel in that connection. This is an argument encountered by this Court with increasing frequency. Limits must be noted, for, unchecked, such an argument permits the easy circumvention of the rules for the effective conduct of criminal litigation. *Bottiglio v. United States,* 431 F.2d 930 (1st Cir.1970). The issue is whether the accused was afforded reasonably competent assistance of counsel, i.e., whether counsel exercised the skill, judgment and diligence of a reasonably competent defense attorney, *Johnson v. State,* 620 P.2d 1311 (Okl.Cr.1980), assessed in light of counsel's overall performance, *Taylor v. State,* 659 P.2d 362 (Okl.Cr. 1983). The mere presence of unobjected error is therefore not decisive. We have carefully considered each of the alleged lapses in counsel's performance in light of her performance as a whole, and we are satisfied that appellant received the effective assistance of counsel.

## IV.

Finding no error which would justify modification or reversal, the judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.