A.B. SIMPSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–84–33.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1985.

Jess Horn, Jess Horn, Inc., Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, A.B. Simpson, was convicted of Driving Under the Influence OF Intoxicating Liquor under 47 O.S.Supp. 1983, § 11–902 in the District Court of Oklahoma County, Case No. CRM–83–1278. He was sentenced to a term of twenty (20) days imprisonment and a fine of two hundred ($200) dollars. We affirm.

A little after midnight on March 17, 1983, Sgt. Ron Hayes of the Bethany Police Department observed the appellant drive his car on Council Road in an erratic manner. Sgt. Hayes testified that the appellant's car crossed the center line of the road, nearly striking the police cruiser head-on, and forcing Sgt. Hayes to take evasive action to avoid a collision. Sgt. Hayes testified that he arrested the appellant and transported him to the police station for a breathalyzer test. Sgt. Hayes testified that he read the appellant his Chemical Test Request

Rights. Lt. Shirley testified that following the fifteen (15) minute deprivation period administered by Sgt. Hayes, he administered the appellant the breath test. Appellant blew 0.18%.

■ Appellant makes two assignments of error. In the first assignment, appellant alleges that improper questioning, comments, and objections by the prosecuting attorney so affected the jury panel as to prejudice the appellant and deny him a fair trial. While the assertions of the appellant as to the improper conduct of the prosecuting attorney are true, it must also be noted at the outset that defense counsel's conduct during the trial was of equally low caliber. Repeatedly, the trial judge had to admonish both the prosecutor and the defense counsel about improper commentary, testifying from the counsel table, personal attacks on opposing counsel, etc. At one point, the judge reminded the attorneys that they were not trying each other, but were to try the issue of the case, namely the innocence or guilt of the appellant. Such conduct on the part of both attorneys gave the trial the atmosphere of a three ring circus, and is intolerable and unprofessional. The American Bar Association's Standard for Criminal Justice succinctly states the issue in Standard 3–5.2 of the Prosecution Function and Standard 4–7.1 of the Defense Function. It is not error alone that requires reversal of judgments of conviction, but error plus injury. *See* 20 O.S. 1981, § 3000.1. The burden is on the appellant to establish the fact that he was prejudiced by the commission of error. *Harrall v. State*, 674 P.2d 581 (Okl.Cr.1984). In view of the light sentence given the appellant by the jury and the overwhelming evidence of guilt, this Court finds the appellant has failed to meet his burden, and that any possibility of prejudice due to the prosecutor's misconduct is lacking. Therefore, the assignment of error is without merit.

Appellant alleges in his second assignment of error that the trial court erred in admitting evidence of the breathalyzer test,

in that the State failed to prove that the testing was completed pursuant to established standards. *See Westerman v. State*, 525 P.2d 1359 (Okl.Cr.1974). Appellant contends the arresting officers did not have probable cause for the traffic stop, that the police officers did not observe the fifteen (15) minute continuous observation period required by the State, and the State failed to introduce evidence showing there was sufficient maintenance to the breathalyzer machine used to test the appellant.

■ In *Wafers v. State*, 444 P.2d 825 (Okl.Cr.1968), this Court stated:

> "... [P]robable cause" or "reasonable cause" itself imports that there may *NOT* be absolute, irrefutable cause. If the facts are such that a reasonably prudent man would have believed [the] accused guilty, and would have acted upon the belief, a police officer is justified in making an arrest without warrant ... (emphasis added).

*Id.* at 829. In the instant case, Sgt. Hayes testified that he saw the appellant traversing Council Road in an erratic manner, crossing into his lane of traffic and nearly striking his police cruiser head-on. Sgt. Hayes further testified that upon stopping the appellant on a side street, he asked the appellant to get out of his vehicle and produce a valid state driver's license. Appellant almost fell down and had to hold onto his automobile for support. The officer also noted the smell of alcohol on appellant's breath as well as his bloodshot eyes. From these facts, as the police officer outlined, it is apparent that sufficient probable cause existed for both the traffic stop and the subsequent arrest. *Id.* Therefore, appellant's first contention of this assignment of error is without merit.

■ In his second contention, appellant asserts that the fifteen (15) minute continuous observation period just prior to the breath test as required by the Oklahoma Board of Tests for Alcoholic and Drug Influence Rules and Regulations [1] was not maintained.

---

1. The Oklahoma Board of Tests for Alcoholic

and Drug Influence Rules and Regulations was

Appellant alleges, based upon the testimony of both Lt. Shirley and Lt. Carnline, that observation through peripheral vision is patently improper, so as to make the results of the breath test inadmissible. While the procedure utilized by Sgt. Hayes may not have conformed to the guidelines set by the Bethany Police Department, that fact does not necessarily mean that the procedure utilized is legally improper.

Sgt. Hayes testified that he was with the appellant for the forty-five (45) minute period immediately preceding imposition of the breathalyzer test. He further testified that appellant was in the same room with him at all times, and within four to five feet of him during the fifteen (15) minute observation period. Sgt. Hayes testified that the appellant did not smoke, eat, drink, vomit, regurgitate, or burp, and that he had the appellant at least in his peripheral vision at all times. Certainly, if the appellant had done any of the proscribed acts during the deprivation period, Sgt. Hayes would have been aware of it, since he was observing him in close proximity. We are of the opinion that this is sufficient compliance with the Oklahoma Board of Tests for Alcoholic and Drug Influence Rules and Regulations, which provides, in part:

> 1.(a) The procedure for each such analysis shall include the following:
>
> > (1) Continuous observation of the subject whose breath is to be tested for a period of at least fifteen (15) minutes prior to the collection of the breath specimen, during which observation period the subject shall not have ingested alcohol or alcoholic beverages, regurgitated, or vomited.

*See Wren v. State*, 556 P.2d 1308 (Okl.Cr. 1976). *See also Bales v. State*, 674 P.2d 578 (Okl.Cr.1984). Therefore, this contention is without merit.

■ Finally, appellant contends the State failed to prove the breathalyzer machine was properly maintained since the State failed to introduce the maintenance log for the machine. This assertion is without merit.

Lt. Carnline testified that for the past few years he has been the licensed maintenance supervisor for the breathalyzer machine used to test the appellant. Lt. Carnline testified in detail regarding his routine maintenance of the machine. He further stated the reports were forwarded by his secretary to the Department of Public Safety. This evidence of compliance with the maintenance procedures for the breathalyzer was properly admitted, and is sufficient to satisfy the State's burden of proof that it complied with the Oklahoma Board of Tests for Alcohol and Drug Influence Rules and Regulations. *Bales v. State*, 674 P.2d 578, 579 (Okl.Cr.1984); *Westerman v. State, supra.*

Accordingly, the judgment and sentence OF the District Court should be, and the same hereby is, AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.

formerly entitled "Board of Chemical Tests for     Alcoholic Influence."