Kelly Gwynne BURTON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-87-872.

Court of Criminal Appeals of Oklahoma.

May 10, 1988.

Bob Perrine, Norman, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Kelly Gwynne Burton, was charged, tried and convicted of First Degree Manslaughter in the District Court of Oklahoma County Case No. CRF-86-6899. She was sentenced to eleven (11) years imprisonment and brings this appeal.

On December 24, 1986, appellant's former husband returned his daughter to appellant's home after exercising visitation. While he was there, he began arguing with appellant. The argument escalated to physical violence and ended when appellant shot him.

At trial, appellant claimed she had acted in self-defense. According to appellant, her ex-husband had a drug abuse problem and was acting violently on the night of the shooting. The prosecution countered these allegations by showing that the victim had not been found with drugs, that there were no traces of drugs in his body, and that he was not violent by nature.

Following trial, defense counsel became aware that marijuana metabolites and the drug group containing valium were found in the victim's body samples. Also, the victim had a Third Degree Arson conviction which had not been disclosed previously by the State. At the sentencing hearing, appellant reurged her motion for new trial, claiming suppression of evidence by the State and newly discovered evidence. The motion was denied, the trial court finding that the evidence was not critical, and in any event was discoverable prior to trial with reasonable diligence. Following that

hearing, defense counsel further discovered that two valium pills were, in fact, found in the victim's possession at the hospital emergency room.

In several assignments of error, appellant seeks reversal on the grounds that there is newly discovered evidence, that the State suppressed evidence, or that failure to pursue and develop this evidence resulted in a denial of effective assistance of counsel. In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." However, "a rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgments." *United States v. Bagley*, 473 U.S. 667, 675 n. 7, 105 S.Ct. 3375, 3380 n. 7, 87 L.Ed.2d 481 (1985). It is for that reason that "[a] fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial." *United States v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2398, 49 L.Ed.2d 342 (1976). On these basic premises, we will begin our analysis.

 First, it is unavoidably clear that the State failed to disclose evidence of the victim's prior felony conviction. This was error. However, "[i]t is not error alone that requires reversal of judgments of conviction, but error plus injury, and the burden is upon the appellant to establish to the reviewing court the fact that he was prejudiced in his substantial rights by the commission of error." *Harrall v. State*, 674 P.2d 581, 583 (Okl.Cr.1984). In this case, the prior felony would have been admissible only to establish a pertinent trait of the victim's character. 12 O.S.1981, § 2404(A)(2). A conviction of Third Degree Arson is not in itself relevant to a pertinent character trait of the victim, since that crime may or may not involve violence. Appellant failed to show any of the underlying facts of the arson either to the trial court or to this Court. Thus, it is not clear that the conviction would have been admissible even if it had been disclosed to appellant. Having failed to demonstrate prejudice, reversal cannot be based upon this error.

[2] However, with respect to the drugs found in the possession of the victim, we find that new evidence does exist which is material, that trial counsel was diligent in his efforts but was nonetheless unable to discover this evidence, that it is not cumulative, and that there is a reasonable probability this evidence would have changed the results of the trial. As the trial court did not have this evidence to consider, we cannot say that it abused its discretion in denying appellant's motion for new trial. However, a new trial is warranted under the relevant considerations, *see Marlow v. City of Tulsa*, 564 P.2d 243, 245 (Okl.Cr. 1977), and we REVERSE and REMAND this case for a new trial.

BRETT, P.J., and PARKS, J., concur.