**Marilyn EDINGTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–88–833.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1991.

Rehearing Denied March 15, 1991.

Blake Virgin, Norman, for appellant.

Robert H. Henry, Atty. Gen. and Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Judge:

Appellant, Marilyn Edington, was charged and convicted by a jury of Embezzlement of State Funds in violation of 21 O.S.1981, § 341, in the District Court of Washington County in Case No. CRF–87–263. The jury set punishment at one (1) year imprisonment and a fine of five hundred dollars ($500.00) which the trial court

imposed. From this Judgement and Sentence, appellant has perfected her appeal to this Court.

Appellant was a tag agent in Washington County from 1975 to 1987, with offices in Bartlesville and Dewey. Several people testified at trial as to the regulations and guidelines imposed upon tag agents concerning the operations of their agencies. Basically, the tag agents collect the fees from citizens for the registration of their vehicles and the like. Out of these fees, the agents are authorized to retain a portion to cover their operating expenses and their salary. Also out of that portion, the agents are authorized to retain fifteen percent (15%) as a reserve for operating expenses. Each year the agent is required to submit a Profit and Loss Statement to the Oklahoma Tax Commission with a break down of the past fiscal year's expenses and the upcoming fiscal year's budget. On July 1, 1985, a new law went into effect that required tag agents that leased from a relative within the third degree of consanguinity or affinity to have that lease approved by the Office of Public Affairs. 47 O.S.Supp.1985, § 1146(B)(2).

From reports that appellant filed with the Motor Vehicles Division of the Oklahoma Tax Commission and audits conducted by the State Auditor and Inspector, it appeared that from fiscal years 1984 through 1986, appellant had paid an excessive amount for the rent of her office space in Bartlesville. Appellant's husband owned the property that she was renting.

■ In her first assignment of error, appellant asserts that her activities did not amount to criminal activity, especially embezzlement. Appellant cites *Logan v. State*, 493 P.2d 842 (Okl.Cr.1972), for the proposition that because she only did with the money what she was authorized to do, she cannot be guilty of embezzlement. Under 21 O.S.1981, § 341, the elements for Embezzlement of State Funds as relevant to this case are: 1) every person, 2) receiving money or other thing of value, 3) on behalf of or for account of this State or any department thereof, 4) in which this State or the people are directly or indirectly in-terested, 5) who appropriates to his own use, or to the use of any person not entitled, 6) any money or anything of value, 7) received by him on behalf of the State.

Appellant contends that she was authorized to use the money in this manner because there is not a specific statute that requires tag agents to limit the amount they pay for rent. However, the State did establish that there was a rule regarding the amount of rent a tag agent could pay, that being a reasonable rate compared to other offices in the vicinity of the tag agency. The State also proved that appellant had overpaid rent to her husband by over $102,000, which was unreasonable compared to other office space in the area, and that she was aware of what she was doing. In fact her Profit and Loss Statements for fiscal years 1984 and 1985 did not reflect the actual amount of money that she paid her husband for rent, which was discovered by the investigation conducted by the State Auditor and Inspector's Office. Therefore, we find that the actions of appellant did amount to embezzlement and this assignment must fail.

■ In her second assignment of error, appellant alleges that her due process rights were violated by the Oklahoma Tax Commission because it closed her tag agency without providing her with a hearing. We find this assignment of error to be without merit, because even if she was denied a fair hearing by the tax commission, that would have no bearing on this criminal proceeding. None of the documents admitted at trial against appellant resulted from the closure of her tag agency.

■ Finally, in her third assignment of error, appellant claims that the trial court abused its discretion by denying the admission of a report by the first investigator from the tax commission. The investigator was allowed to testify at trial quite extensively as to substantial portions of his report which was exculpatory to appellant. The State was able to demonstrate to the trial judge that the report itself was not relevant because this investigator did not conduct a complete investigation. Even if

the trial court did err by denying the admission of this report, we fail to see how the appellant was prejudiced by the denial of admission of this report in light of the witness's testimony. Appellant must be able to demonstrate prejudice from alleged errors in order to warrant reversal of her conviction. *Harrall v. State*, 674 P.2d 581 (Okl.Cr.1984).

Finding no reason to reverse the rulings of the district court in this case, we AFFIRM.

LANE, P.J., LUMPKIN, V.P.J., and PARKS and JOHNSON, JJ., concur.