David Bradley DOMINIAK,
Plaintiff/Appellant,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellee.

No. 88,333.

Court of Civil Appeals of Oklahoma, Division 3.

Jan. 24, 1997.

Mark W. Albert, Elk City, for Appellant.

Earl L. Reeves, Jr., Department of Public Safety, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

David Bradley Dominiak (Appellant) was stopped by an Oklahoma Highway Patrolman (Trooper) for driving erratically. The trooper detected bloodshot eyes and the odor of alcohol. The Trooper then administered sobriety tests. Appellant was arrested for DUI. He was requested to submit to a breath test to determine his blood alcohol content. Appellant consented to the test and the results showed he had a blood alcohol content of 0.15.[1] Appellant's driver's license was revoked. Appellant signed a statement which said: "I was driving under the influence of alcohol. I tested .15".

Appellant contested the revocation at an administrative hearing with the Department of Public Safety (DPS). The revocation was upheld. Appellant appealed to District Court. At trial the only issue was whether the breath test had been properly administered, and that is the only issue in this appeal. Appellant contended he was not observed for 15 minutes before testing. He testified that during that 15 minutes he had chewed gum and placed several coins in his mouth and he was out of the sight of the officers several times. He contended these actions invalidated the test results and rendered those results inadmissable as evidence in this case. After the test was completed, Appellant was put in a cell at the jail. Another prisoner was in that cell. He testified: "... Mr. Dominiak had come in and I was sitting across the cell from him and he said something that, like, 'You're my witness' and pulled some coins out of his mouth." He did not know exactly what the coin was.

DPS contended there was compliance with all testing procedures and the test result was not adversely affected. DPS presented evidence to show Appellant was "booked" into jail prior to the breath test being administered; that when a person is booked into jail, all personal belongings are required to be removed from their pockets, including any loose coins; and, Appellant did not have access to coins to place in his mouth. DPS also introduced evidence which showed Appellant was in the view of the Trooper or the jailer for the entire 15–minute period before the breath test. DPS also introduced evidence that Appellant was asked whether he had anything in his mouth, prior to the breath test, and he opened his mouth, and no coins or gum were observed in his mouth. Appellant testified he put the coins and gum in his mouth so that he could prove that he was not under observation. He did not offer any evidence to show that the gum or coins would affect the result of the breath test. He did say he had heard that this would affect the result.

Tit. 47 O.S.Supp.1995 § 754(E)(1)(a) provides:

If the revocation or denial [of a drivers license] is based upon the breath or blood test result and a sworn report from the law enforcement officer, the scope of the hearing shall also cover the issue as to whether:

a. the testing procedures were used in accordance with the existent rules of the Board of Tests for Alcohol and Drug Influence,

. . . . .

The applicable rules of the Board of Tests for Alcohol and Drug Influence are found at 47 O.S.1994 § 759(B) and provide:

Collection and analysis of a person's blood, breath, saliva or urine, to be considered valid and admissible in evidence, whether performed by or at the direction of a law enforcement officer or at the request of the tested person shall have been performed in compliance with the rules and regulations adopted by the Board of Tests for Alcohol and Drug Influence and by an individual possessing a valid permit issued by the Board for this purpose.

In *Wren v. State*, 556 P.2d 1308 (Okl.Cr.App. 1976) the Court held there must be compliance with the rules (now found in the Okla-

---

1. A person with blood alcohol content of at least 0.10 must immediately surrender his or her driver's license pursuant to 47 O.S.Supp.1995 § 754 (now 47 O.S.Supp.1996 § 754).

homa Administrative Code, Rules and Regulations of the Board of Tests for Alcohol and Drug Influence, 40:30–1–2(c)(1)) (Rules) pertaining to collection of a breath sample. These Rules include an at least 15 minute observation period of the subject prior to the collection of the breath sample.

In the case before us, there is conflicting evidence. Appellant contends he tried to invalidate the breath sample by putting the gum and coins in his mouth within 15 minutes prior to the breath test. DPS contends it was not possible for Appellant to have put the coins and gum in his mouth because he had been required to empty his pockets when booked, and he was continuously observed by either the Trooper or the jailer, as required by the rules, prior to the breath test. In *Bales v. State,* 674 P.2d 578 (Okl.Cr.App.1984), the Court held it was not necessary that a *specific* person observe the subject. DPS contends, assuming arguendo it was possible for Appellant to have placed coins in his mouth, Appellant's activity would not have influenced the breath test results. We hold that the purpose of the observation period is to prevent an inaccurate test result.

In *Smith v. State ex rel. Department of Public Safety,* 680 P.2d 365 (Okl.1984), the Court reiterated the standard that a finding of the lower court would not be reversed if there was any evidence or reasonable inference therefrom to support the lower court's findings. There is evidence here that supports the district court judgment. When the evidence is conflicting, as it is in this case, it is the province of the trier of fact to determine the credibility of witnesses and the weight to be given to the testimony. *Snodgress v. State of Oklahoma ex rel. Department of Public Safety,* 551 P.2d 259 (Okl. 1976). The trial court did so here and determined the breath test was properly conducted and Appellant's drivers license revocation was proper. That the evidence relating to material facts was conflicting is not a proper basis for a reversal.

AFFIRMED.

JONES, P.J. and ADAMS, C.J., concur.