**Ira Paul HADAWAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–CA–001625–DG.

Court of Appeals of Kentucky.

July 22, 2011.

Gene Lewter, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, LAMBERT and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Ira Hadaway appeals from the Trigg Circuit Court opinion affirming the Trigg District Court judgment after a jury found him guilty of possession of an open alcohol beverage container in a motor vehicle and driving under the influence of alcohol ("DUI"). For the following reasons, we affirm.

In February 2008, Officers Neil Gardner and Curtis Davis pulled Hadaway over for driving erratically. Considering Hadaway's appearance and smell, his belligerent behavior, his failure of field sobriety tests, and his passenger's statement that they had both consumed several beers, the officers arrested Hadaway for DUI and other offenses. At the police station, prior to administering a breath alcohol test, Officer Chad Grace observed Hadaway for twenty-six minutes to ensure that he did not belch, regurgitate, or ingest anything that would produce false results.

Before trial, Hadaway moved to suppress the results of his breath alcohol test on the basis that Officer Grace was "in and out" of the room during the observation period and did not have continuous control of Hadaway "by present sense perception" as required by 500 KAR 8:030[1]. Hadaway further alleged that during the observation period, Officer Donald Dill allowed him to use his inhaler for his asthma and that the alcohol in the inhaler contaminated his breath sample. Officer Dill refuted this allegation, and while Officer Grace was not asked about the inhaler, he did testify that he did not leave the room during the observation period.

The district court denied Hadaway's motion to suppress and allowed the breath alcohol test results to be introduced at trial. During trial, Hadaway again objected to the admission of the breath alcohol test results. A jury found him guilty of DUI and possession of an open alcohol container in a motor vehicle. Hadaway appealed the DUI conviction to the Trigg Circuit Court, which affirmed. This court granted Hadaway's motion for discretionary review.

On appeal, Hadaway argues that the results of the breath alcohol test should have been suppressed because (1) he was not observed pursuant to 500 KAR 8:030 and (2) the maintenance log was not introduced to prove that the test machine was functioning properly and producing accurate results. Therefore, Hadaway maintains that his conviction for DUI should be reversed. We disagree.

This court reviews suppression issues by first determining whether the district court's factual findings have substantial evidentiary support; if so, those findings are conclusive. RCr 9.78[2]; *Commonwealth v. Neal*, 84 S.W.3d 920, 923 (Ky.App.2002). Second, this court reviews *de novo* the district court's application of the law to those facts. *Neal*, 84 S.W.3d at 923.

Grounds for an objection on appeal that differ from those asserted at trial are not preserved for our review. *Daugherty v. Commonwealth*, 572 S.W.2d 861, 863 (Ky.1978). This court reviews unpreserved claims only for palpable error; the claim prevails only when such error results in manifest injustice. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.2006); RCr 10.26. Manifest injustice is shown by a probability that but for the error, the outcome would have been different. *Martin*, 207 S.W.3d at 3.

Hadaway argues that Officer Grace did not observe him in accordance with the requirements of 500 KAR 8:030(1), which provides:

A certified operator shall have continuous control of the person by present sense perception for at least twenty (20) minutes prior to the breath alcohol analysis. During that period the subject

---

**1.** Kentucky Administrative Regulations.

**2.** Kentucky Rules of Criminal Procedure.

shall not have oral or nasal intake of substances which will affect the test.

■ At the suppression hearing in this case, although Officer Grace never testified about whether Hadaway used an inhaler, he did testify that he observed Hadaway for twenty-six minutes prior to administering the breath alcohol test. In addition, Officer Dill testified that Hadaway "absolutely" did not use an inhaler in his presence. We note that "[a]t a suppression hearing, the ability to assess the credibility of witnesses and to draw reasonable inferences from the testimony is vested in the discretion of the trial court." *Sowell v. Commonwealth*, 168 S.W.3d 429, 431 (Ky.App.2005) (citation omitted).

Here, the district court held that the observation period is "not an eyeball to eyeball requirement." Few Kentucky cases have defined the "present sense perception" requirement contained in 500 KAR 8:030(1); however, in *Tipton v. Commonwealth*, 770 S.W.2d 239, 242 (Ky.App. 1989) (abrogated on other grounds by *Hoskins v. Maricle*, 150 S.W.3d 1 (Ky.2004)), this court expressed in dicta that "the operator need not stare at the arrestee for 20 minutes." Other jurisdictions have interpreted similar regulations to allow the officer to look away momentarily. *See Simpson v. State*, 707 P.2d 43, 46 (Okla. Crim.App.1985); *State v. Smith*, 16 Conn. App. 156, 547 A.2d 69, 73 (1988); *State v. Remsburg*, 126 Idaho 338, 882 P.2d 993, 995 (Idaho App.1994); *Glasmann v. State*, 719 P.2d 1096, 1097 (Colo.App.1986). In the case at bar, because Officer Grace testified that he remained in the room to observe Hadaway for twenty-six minutes, we find nothing in the record to support a finding that the requirements of 500 KAR 8:030 were not met.

■ Furthermore, in order to introduce breath alcohol test results, "proof [the] machine is in proper working order must be shown by either the testimony of the technician who serviced it or by properly introducing the machine's maintenance records." *Commonwealth v. Roberts*, 122 S.W.3d 524, 528 (Ky.2003) (citing *Commonwealth v. Wirth*, 936 S.W.2d 78 (Ky.1996)). In the present case, neither was provided, so the district court erred by admitting the test results.

■ That being said, Hadaway failed to preserve this claim of error at trial; thus, the claim prevails on appeal only if the error resulted in manifest injustice. In *Allen v. Commonwealth*, 817 S.W.2d 458 (Ky.App.1991), this court held that officers' testimony alone can support a conviction without the results of a breath test machine. Here, the officers testified that they followed procedure and believed Hadaway was driving under the influence of alcohol based on their observations of his erratic driving, his failure of field sobriety tests, and his passenger's remarks that they had both consumed alcohol. Because the evidence supports a DUI conviction even without the breath alcohol test results, the error did not result in manifest injustice.

In summary, the testimony of the officers constitutes substantial evidence to support the district court's conclusion that Officer Grace observed Hadaway in accordance with 500 KAR 8:030 and to support Hadaway's DUI conviction, despite the court's error in admitting the test results absent introduction of the maintenance log.

The opinion of the Trigg Circuit Court is affirmed.

ALL CONCUR.